ANNIE M. BEEDE v. EZRA F. PABODY and Others.[1]

November 19, 1897.

Nos. 10,842—(64).

Estoppel by Deed—False Representations of Equitable Owner—Ratification.

S. conveyed by deed, which was recorded, certain land to P. The transaction was a mortgage to secure P. for indorsing the note of S. The latter sold the land to the plaintiff, making to her fraudulent representations. P., who had no knowledge of the representations, at the request of S. conveyed the land to plaintiff and received back a mortgage, which he held in lieu of his original security. P. never authorized S. to sell the land for him, S. did not assume to represent him in making the sale, and the plaintiff had no knowledge that the title stood in the name of P. until after she had agreed to buy the land. The mortgage was paid to S., and at his request P. executed a release of it; but he never received any part of the mortgage or of the purchase price of the land. The plaintiff brought this action against P. for damages sustained by the fraudulent representations made by S. *Held*, that P. was not estopped from showing that he was in fact a mortgagee, and that S., in making the sale, acted for

1 Reported in 72 N. W. 970.

himself, and not for P., and that he did not ratify the representations of S. by executing the deed at his request to the plaintiff.

**Same—Evidence.**

Evidence considered, and *held*, that the trial court rightly instructed the jury to return a verdict for the defendant P.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial after a verdict for defendant. Affirmed.

*George R. Robinson*, for appellant.

Respondent in fact made Stuart his agent for the sale of his land, and received the benefit of the transaction. He is now estopped to deny his responsibility. Mechem, Ag. §§ 150, 153, 154; Story, Ag. § 93; Knappen v. Freeman, 47 Minn. 491; Albitz v. Minneapolis, 40 Minn. 476; Krumm v. Beach, 96 N. Y. 398. The claim or pretense that the respondent did not authorize the sale to be made is not tenable, since he took title, allowed a sale of the property as though his, executed the deed in consummation of the sale with knowledge as to the purchaser and the terms of sale, and consented to receive and hold the mortgage. Meehan v. Forrester, 52 N. Y. 277. Once having affirmed, he cannot afterwards disaffirm. McGeoch v. Hooker, 11 Ill. App. 649. By keeping silent when he should have spoken he deprived himself of the right to speak now in avoidance of responsibility. Mechem, Ag. § 153. He knew the title was in him of record and notice to the world of his ownership. G. S. 1894, § 4187. Any assertion or exercise of ownership over the proceeds of sale was a ratification of the sale and of the acts of the agent. Mechem, Ag. §§ 48, 75, and cases cited. Parish v. Reeve, 63 Wis. 315; Bacon v. Johnson, 56 Mich. 182. The duty of respondent was to disavow the act of Stuart within a reasonable time. Mechem, Ag. § 157; Dana v. Turlay, 38 Minn. 106; Busch v. Wilcox, 82 Mich. 315; Clark v. Ralls, 50 Iowa, 275. Respondent was liable for the acts of Stuart as his agent, for the reason that he permitted him to make the sale in a manner that he could only do as his agent, Mechem, Ag. §§ 83, 84, and then ratified his act. Whether the agency was not express under previous appointment and understanding of the parties was a question of fact upon which plaintiff

was entitled to the finding of the jury. Thompson v. Shelton, 49 Neb. 644. Respondent assumed responsibility for the agent's acts and representations not only by receiving the benefits of the transaction, but by clothing him with ostensible authority as such agent. Mechem, Ag. § 8; Story, Ag. §§ 127, 133; North v. Aymer, 3 Hill, 262; Phoenix v. Walter, 51 Neb. 182; Columbia v. National, 52 Minn. 224.

*Elijah Barton* and *Keith, Evans, Thompson & Fairchild,* for respondent.

Where there is no assignment that the court erred in denying a motion the question will not be considered on appeal. Minneapolis v. Firemen, 62 Minn. 315. Pabody was not estopped to show his actual connection with the land about which Stuart made his fraudulent statements. Bigelow, Est. (5th Ed.) 332; Herman, Est. § 579; Elphinstone, Interp. Deeds, 141, § 3; 3 Devlin, Deeds, § 1310; 7 Am. & Eng. Enc. 5; Bank v. Banks, 101 U. S. 240; McCullough v. Dashiell, 78 Va. 634; Merrifield v. Parritt, 11 Cush. 590; Reed v. McCourt, 41 N. Y. 435; Bingham v. City, 3 Wash. T. 68; Knapp v. Bailey, 79 Me. 195; Carpenter v. Buller, 8 M. & W. 209; 2 Smith, Lead. Cas. 673, 677. There was no estoppel in pais. Pence v. Arbuckle, 22 Minn. 417. Stuart was not Pabody's agent either actually or constructively. Mitchell v. Minnesota, 48 Minn. 278. Pabody could not ratify by his acts something of which he was ignorant. Humphrey v. Havens, 12 Minn. 196 (298); Mitchell v. Minnesota, supra.

START, C. J.

Action for the recovery of damages on account of alleged fraudulent representations by the defendant on the sale of real estate to the plaintiff. At the close of the evidence the court instructed the jury to return a verdict for the defendant Pabody, and the plaintiff appealed from an order denying her motion for a new trial.

The undisputed evidence established the following facts: Pabody indorsed a note for $600 for the accommodation of his codefendant Stuart, at the request of a mutual friend, James M. Meyers. To secure Pabody against his liability on this indorsement, Stuart conveyed to him certain land by deed absolute, which was duly re-

corded. Pabody never had any interest in the land, except as such security, and subject to such lien the land belonged to Stuart. Pabody never saw the land, but relied upon Meyers' assurance that the security was ample. While the title to the land was of record in the name of Pabody, Stuart negotiated a sale thereof to the plaintiff for the sum of $2,200. In doing so he made to her the fraudulent representations set out in the complaint, which she relied upon as true, and induced thereby she made the purchase. Pabody did not authorize this sale before it was made, and Stuart did not assume to represent him in making it. When this sale was made the note so indorsed was not due, and Pabody, at the request of Meyers, acting for Stuart, made a warranty deed of the land to the plaintiff, who gave back a note secured by mortgage on the land to Pabody for $1,150.

This mortgage, as between Stuart and himself, he held only as security against liability on his indorsement. Afterwards, upon being told that the note and mortgage were to be paid and the note he had indorsed was also to be paid, he executed a release of the mortgage and delivered it to Meyers for Stuart, who delivered it to the plaintiff who paid the mortgage. Pabody received no consideration for his indorsement nor any part of the consideration for which the land was sold, other than herein stated. He never knew until several years after the sale had been made, the deed executed and the mortgage paid, that Stuart made any false representations in negotiating the sale. The plaintiff's first knowledge that the record title of the land was in Pabody's name was after the fraudulent representations had all been made and she had agreed to buy the land. She learned shortly before the deed was delivered, from the abstract of title, that the land stood in Pabody's name. She knew that Stuart was a real-estate agent. As to the representations and the deed, she testified as follows:

"Q. Well, Miss Beede, in making this purchase, I will ask you whether you relied upon the representations of Mr. Stuart as being true, in regard to the character of this land. A. I did, with the exception of looking it up myself; that is, sending my mother to see. I wanted to satisfy myself, but I depended on his representations of the property. * * * Q. I will ask you now whether, in

taking that deed, you also relied upon the fact that the property was the property of Mr. Pabody.    A.  Yes, sir; I did."

The plaintiff paid the purchase price of the land, including the mortgage, before she learned that the representations made by Stuart were false.    Upon these facts, it is difficult to suggest any equitable or legal ground for holding Pabody liable for Stuart's fraudulent representations.    His interest in the land was simply that of a mortgagee and, when Stuart negotiated the sale, it was for himself as mortgagor.    He owned the land subject to Pabody's lien to indemnify him for his indorsement.    If Pabody was the absolute owner of the land, and Stuart, without his authority or knowledge, had sold the land, and then informed him of the sale, and the latter had then made the deed and received the purchase price, it might with reason be claimed that he had ratified the unauthorized acts of Stuart, including any fraudulent representations made by him as inducement for the plaintiff to purchase.    But, as already suggested, such is not this case.    When Pabody gave the deed and received back the mortgage, he simply changed the form of his security.    In making this exchange there was no ratification of the representations of Stuart to the plaintiff, as claimed by her, for he then had no knowledge that any had been made.

Equally untenable is the claim of the plaintiff that Pabody was estopped from showing that his interest in the land was that of a mortgagee only.    He is not estopped by the deed to him or the one to the plaintiff; for this action is not based upon either, but upon a tort (that is, upon a fraudulent representation as to the location and condition of the land).    Neither is he estopped by his conduct from showing his true relation to the land.    There was no holding Stuart out as his agent, no representations made by him, and no silence when he should have spoken.    He did not, as plaintiff's counsel seems to claim, so conduct himself as to make it appear to the plaintiff that the act of selling was by his authorized agent; for Stuart did not assume to represent him, and the plaintiff relied upon the latter's representations, and agreed to buy the land before she knew that the title stood of record in Pabody's name.    The trial

court correctly instructed the jury to return a verdict for the defendant Pabody.

Order affirmed.